UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 2:15-CR-31-DLB-HAI-4 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| MICHELLE HELPHENSTINE, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 23, 2016, federal prisoner Michelle Helphenstine filed a motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  D.E. 94. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review.  *See* Rules Governing Section 2255 Cases, Rule 4.  Preliminary review of Defendant's motion and the record revealed that she expressly waived her right to collaterally attack her sentence in her plea agreement.  D.E. 73 at 3.  The Court ordered Defendant to show cause as to why her petition should not be dismissed pursuant to the waiver in her plea agreement on September 26, 2016.  D.E. 96. Defendant responded but has failed to challenge the validity of the waiver.  D.E. 97.  Therefore, the Court **RECOMMENDS** that Defendant's motion to vacate be **DENIED**.

## I.  BACKGROUND

On August 13, 2015, a federal grand jury returned an indictment charging Defendant, in Count 1, with conspiracy to distribute a mixture or substance containing a detectable amount of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in

violation of 21 U.S.C. § 846.  D.E. 1.  Defendant faced a maximum term of imprisonment of 20

years.  *Id*.  Rearraignment proceedings occurred on October 14, 2015, before District Judge

Bunning, and included certain co-defendants.   D.E. 53; D.E. 98.   After a plea colloquy,

Defendant pled guilty to the offense charged in Count 1 of the indictment.  D.E. 98 at 61.

Finding that Defendant's plea was knowing and voluntary, Judge Bunning accepted the plea and

adjudged Defendant guilty of the offense in Count 1.   *Id*. at 61-62.   The plea agreement

contained a provision in which Defendant "waive[d] the right to attack collaterally the guilty

plea, conviction, and sentence," except for claims of ineffective assistance of counsel.  D.E. 73 at

¶ 7.  Defendant did not directly appeal her conviction.[1]

## II. DISCUSSION

Generally speaking, a prisoner has a statutory right to collaterally attack his conviction or

sentence.  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("both the right to appeal

and the right to seek post-conviction relief are statutory rights").  For a federal prisoner to prevail

on a § 2255 claim, she must show that:

> the judgment was rendered without jurisdiction, or that the sentence imposed was
> not authorized by law or otherwise open to collateral attack, or that there has been
> such a denial or infringement of the constitutional rights of the prisoner as to
> render the judgment vulnerable to collateral attack . . . .

28 U.S.C. § 2255.  If the movant alleges a constitutional error, he must establish by a

preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), that

the error "had a substantial and injurious effect or influence on the proceedings," *Watson*, 165

F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).   However, if the

movant alleges a non-constitutional error, he "must establish a fundamental defect which

---

[1] Defendant's plea agreement also contained a waiver provision of "the right to appeal the guilty plea, conviction, and sentence, as long as it is within or below the advisory Guideline range."  D.E. 73 at ¶ 7.

inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Id.* (quotation omitted).

### A.  Waiver of Right to Collaterally Attack Guilty Plea and Conviction

Like other statutory and constitutional rights, the right to collaterally attack a sentence or conviction may be waived.  *Id.* at 489 ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.").  There are, however, certain exceptions to this rule.  One exception allows a movant to challenge the validity of such a waiver if "his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52 (1985) . . . ."  *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).  The *Acosta* court reasoned that "it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Id.*

As noted above, Defendant pled guilty pursuant to a plea agreement which contained the following provision:

> Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

D.E. 73 ¶ 7.  Her § 2255 petition does not raise a claim of ineffective assistance of counsel. Thus, Defendant's claims are foreclosed to the extent the waiver was knowing, voluntary, and intelligent, and not the product of ineffective assistance of counsel.

### i.     *Movant's Plea and Collateral Attack Waiver were Knowing, Voluntary, and Intelligent*

A guilty plea is only valid "if it is entered knowingly, voluntarily, and intelligently by the defendant."  *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  Federal Rule of Criminal Procedure 11 "is meant to ensure

that the district court is satisfied that" this requirement has been met. *Id.* Thus, Rule 11 requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 378-79.

Here, the Court thoroughly discussed these Rule 11 requirements with Defendant. Initially, the Court inquired into Defendant's competency to proceed. D.E. 98 at 7-8. The Court also ensured that Defendant had received a copy of the indictment in the case. *Id.* at 12. Likewise, the Court verified that Defendant had received a copy of the plea agreement, that she had an opportunity to read it, and that she understood it:

| | |
|---|---|
| THE COURT: | Miss Helphenstine, let me confirm the plea agreement. We have five pages. I recognize the attorneys' signatures . . . There's a signature, Michelle L. Helphenstine, signed today. . . Is this your signature? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did you sign this after reviewing the plea agreement with Mr. Weigle? |
| THE DEFENDANT: | Yes, sir. . . . |
| THE COURT: | So even though you signed it today, you had gone over it with your lawyer prior to today; is that fair? |
| THE DEFENDANT: | Yes, sir. |

*Id.* at 17:11-18:6.

Not only did Defendant indicate that she had gone over the plea agreement with her attorney, but the United States also recited the essential terms of the agreement aloud in open court. *Id.* at 20-22. The Court also explained the constitutional rights Defendant would be giving up by pleading guilty, including the right to a speedy trial by jury, the right to counsel, and the right to cross-examine witnesses. *Id.* at 46-47. Likewise, the Court informed Defendant

that she would be giving up certain civil rights by pleading guilty, including the right to vote, serve on a jury, hold public office or carry a firearm. *Id.* at 12. Furthermore, the Court thoroughly explained the Sentencing Guidelines to Defendant as well as the process used to determine her Guideline Range. *Id.* at 25.

The Court also extensively explained the effect of the waiver provision contained in the plea agreement:

| | |
|---|---|
| THE COURT: | Now, you each also have a separate waiver. The second sentence of the appellate waiver paragraph in your plea agreements indicate that except for claims of ineffective assistance of counsel, you are waiving the right to attack collaterally the guilty plea, conviction and sentence. Have you discussed that waiver with your attorneys as well? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | All right. And do you understand what that means? |
| THE DEFENDANT: | Yes. |
| THE COURT: | If I accept your plea and sentence you, you're not going to be able to come back later and challenge your conviction and sentence based upon some alleged constitutional violation, other than that narrow claim of alleged ineffective assistance of counsel. Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Having advised you of the rights you're giving up in paragraphs 7 or 8, depending on which defendant were talking about, is it still your intention to give up those rights? |
| THE DEFENDANT: | Yes. |
| THE COURT: | All right. And, counsel, you have spoken with your respective clients about the appellate waivers and post-conviction waivers in their respective plea agreements? |
| DEFENDANT'S ATTORNEY: | Yes, Your Honor. |

| THE COURT: | Do you believe they understand what they're waiving? |
|---|---|
| DEFENDANT'S ATTORNEY: | Yes, sir. |

*Id.* at 41-42.  Before pleading guilty, Defendant acknowledged that no promises other than those contained in the plea agreement were made to induce her to enter a plea of guilty:

| THE COURT: | Other than the statements and promises in the plea agreement that each of you have signed, has anyone made any other promises to you of any kind to induce you to plead guilty? |
|---|---|
| THE DEFENDANT: | No, sir. |
| THE COURT: | So the only promises, if you will, are those contained in the plea agreement; is that right? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Has anyone made any exact predictions as to what your sentence would be by entering a guilty plea rather than going to trial? . . . [H]ave any of your attorneys said, if you plea guilty, you're going to get X? |
| THE DEFENDANT: | No. |

*Id.* at 18-19.  The Defendant also indicated that no one forced her to enter a plea of guilty:

| THE COURT: | You're not being forced into pleading guilty, are you? |
|---|---|
| THE DEFENDANT: | No. |
| THE COURT: | Are you all pleading guilty to the conspiracy count because you are, in fact, guilty of that charge? |
| THE DEFENDANT: | Yes. |

*Id.* at 11.

After this colloquy, and after Defendant discussed her conduct giving rise the charges (*id.* at 59-61), she entered a plea of guilty (*id.* at 61).  The Court made the following findings and accepted Defendant's guilty plea:

> I find that each of you are fully competent and capable of entering an informed plea; that each of you are aware of the nature of the charge in Count 1 and the consequences of the plea; and, finally, that the plea of guilty to Count 1 is a knowing and voluntary plea, supported by an independent basis in fact, satisfying the elements of the conspiracy charge. Each of your pleas are, therefore, accepted and you are adjudged guilty of that offense.

*Id.* at 61-62. These exchanges, when combined with the express waiver provision of the plea agreement, leave no doubt that Defendant knowingly, intelligently, and voluntarily pled guilty and waived her right to collaterally attack her guilty plea, conviction, and sentence. This conclusion is supported by paragraph 12 of the Plea Agreement which states:

> The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that Defendant's entry into this Agreement is voluntary.

(D.E 73 at ¶ 12).

Accordingly, Defendant's plea was knowing, voluntary, and intelligent, her collateral attack waiver is effective, and her petition should be dismissed. Despite being given the opportunity to demonstrate otherwise through a show cause order, Defendant has not challenged the validity of her collateral attack waiver. Thus, she is bound by it.

## B.  Procedural Default

Even if Defendant had not waived her right to collaterally attack her sentence in the plea agreement, her claim would be procedurally barred. A federal prisoner's failure to raise a claim on direct appeal, excepting claims of ineffective assistance of counsel, results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). A procedurally defaulted claim may nonetheless obtain review if the prisoner can show cause to excuse his failure to raise the claim on direct appeal and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622;

*Peveler*, 269 F.3d at 698–700.  If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced. *Bousley*, 523 U.S. at 623.

A defendant has 14 days from the filing of the judgment to file a notice of appeal in the District Court to appeal his case to the Court of Appeals for the Sixth Circuit.  Fed. R. App. P 4(b)(1)(A)(i).  Defendant did not file a notice of appeal, and her claim is not an ineffective assistance of counsel claim.  It is a claim which could have been raised in a timely direct appeal, and thus is subject to procedural default.

Her appellate waiver cannot serve as cause to excuse the default. *Owens v. United States*, No. 4:06-cv-123, 2007 WL 1041121, at *6 (W.D. Mich. Apr. 4, 2007) ("[W]here a criminal defendant's failure to appeal is based upon his knowing and voluntary abandonment of the right to appeal, he cannot possibly show cause.").  Defendant's section 2255 motion is therefore barred.

### III. Conclusion

In sum, the Court finds that Defendant's waiver of the right to collaterally attack her sentence was knowingly, voluntarily and intelligently made.  Her motion is also procedurally barred. Therefore, the Court **RECOMMENDS** that Defendant's motion to vacate be **DISMISSED**.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of

further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of November, 2016.

**Signed By:**

**_Hanly A. Ingram_**

**United States Magistrate Judge**